Seward, J.
(orally).
This case is submitted to the court upon the question whether a legacy devised in this will is subject to the collateral inheritance tax.
It is only necessary to read the will, which is short, a copy of which is attached to the petition, to determine the matter in controversy in this case:
“I, Price Glynn of Newark township, Licking county, Ohio, do make and publish the following last will and testament, namely:
“1. I give, bequeath and devise to my wife, Amanda Glynn, for and during her life, all of my real estate, consisting of 100 acres, more or less, of land situate in said Newark township, in which we now reside, and all and singular my personal estate, money,, choses in action and effects of all kinds and description; she, however, to use and dispose of such parts or portion of said personal estate, money, choses in action and effects, as she may see fit.”
The court calls particular attention to the last clause of that item of the will:
*658 “2. I give, bequeath and devise to Jennie A. Glynn, the girl who has been raised by myself and wife, in our family, and who at this date still lives with us, the remainder in fee simple after the death of my wife in said lands, and such part or portion of said personal éstate, moneys, ehoses in action and effects as may remain at the death of my wife.”
Then he nominates Amanda Glynn to be the executrix of his estate..
The statute governing the taxation question involved in this case is Section 5331 of the General Code:
“All property within the jurisdiction of this state, and any interests therein, whether belonging to inhabitants of this state or not, and whether tangible or intangible, which pass by will or by the intestate laws of this, state, or by deed, grant, sale or gift, made or intended to take effect in possession or enjoyment after the death of the grantor, to a person in trust or otherwise, other than to or for the use of the father, mother, husband, wife, brother, sister, niece, nephew, lineal descendant, adopted child, or person recognized as an adopted child and made a legal heir under the provisions of a statute of this state, or the lineal descendants thereof, or the lineal descendants of an adopted child, 'the wife or widow of a son, the husband of the daughter of a decedent, shall be liable to a tax of five per cent, of its value, above the sum of two hundred dollars. Seventy-five per cent, of such tax shall be for the use of the state and twenty-five per cent, for the use of the-county wherein it is collected.”
It is necessary to read and to refer to Section 5333 in this connection:
“When a person bequeaths or devises property to or for the use of father, mother, husband, wife, brother, sister, niece, nephew, lineal descendant, adopted child, the lineal descendant of an adopted child, the wife or widow of a son, .or the husband of a daughter, during life or for a term of years, and the remainder to a collateral heir, 'or to a stranger to the blood, the value of the prior estate shall be'appraised, ” etc.
Now, it will be observed that this devise is made to the widow during her natural life, with power to use such portion of -it as she sees fit. The object of this collateral inheritance tax is that the persons other than those excepted, shall take the estate, less the amount of the tax which is imposed upon it by the section of *659 the statute. It is uncertain whether the devisee of the remainder will ever get anything out of this estate. She has a contingent remainder subject to the right of the widow to use any or all of it. Suppose that the widow would see fit to use all of this property, then the devisee in remainder would get nothing; and,- as I say, the object of the section of the statute is to tax those who are without the excepted class, and take the amount of tax from their share — what they would get otherwise than by the statute.
The court does not think that this collateral inheritance tax applies to this devise in this will.
A demurrer is interposed to the petition. The court -does not think it necessary to pass upon that question. The demurrer raises the question as to whether it is a trust or not, and the court having found that the devise is not subject to the collateral inheritance tax, it obviates the necessity of passing upon the demurrer.